COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


CHARLTON E. GNADT, JR.
                                            OPINION BY
v.   Record No. 1921-96-4      JUDGE RUDOLPH BUMGARDNER, III
                                           APRIL 14, 1998
COMMONWEALTH OF VIRGINIA

        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
             Thomas A. Fortkort, Judge Designate

        Casey R. Stevens (Farmer & Stevens, on
        brief), for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (Richard Cullen, Attorney General, on
        brief), for appellee.


     Charlton E. Gnadt, Jr. was charged with sexual battery in
violation of Code § 18.2-67.4.  At the conclusion of the
Commonwealth's case-in-chief, the court granted a motion to
strike the charge of sexual battery and amended the charge to
simple assault.  The defendant objected, contending that assault
and battery was not a lesser-included offense of the original
charge and that the evidence was insufficient to prove lack of
consent.  The court overruled the objection and convicted the
defendant of assault and battery.  Finding that assault and
battery is a lesser-included offense of the original charge of
sexual battery and that the touching was without consent, we
affirm.

     The victim, Pvt. Shawn A. Knowles, had been charged with
driving under the influence.  He appeared for the trial in the

general district court.  Charlton E. Gnadt, Jr. was the Assistant Commonwealth's attorney prosecuting Knowles.  After discussing a plea agreement, Gnadt told Knowles to accompany him to his office.  When they arrived, Gnadt told Knowles that he needed to search him for weapons.  He had Knowles take off his military jacket and stand against the wall.  After an initial pat-down search, Gnadt told Knowles to unfasten his pants.  Knowles complied.  Gnadt placed his hands inside Knowles' pants but outside his underwear.  He rubbed his hands across Knowles' buttocks and then around front over his genitals.  Gnadt then placed his hands inside Knowles' underwear and again moved them over his buttocks and around front, touching his genitals. Knowles said nothing and did not resist or protest in any way. He testified that he was nervous, scared, and felt he would be in more trouble if he resisted.

An assault and battery is an unlawful touching of another. It is not necessary that the touching result in injury to the person.  Whether a touching is a battery depends on the intent of the actor, not on the force applied.  Wood v. Commonwealth, 149 Va. 401, 140 S.E. 114 (1927).  For a touching to be a crime, it must be unlawful.  If the victim consents to the touching, the touching is not unlawful and therefore not a battery.  If the touching exceeds the scope of the consent given, the touching is not consensual and thus is unlawful.  If consent is coerced or obtained by fraud, the touching is unlawful.  Banovitch v. Commonwealth, 196 Va. 210, 83 S.E.2d 369 (1954).

A touching may also be justified or excused.  When it is, the touching is not unlawful and therefore not a battery.  A police officer does not commit a battery when he touches someone appropriately to make an arrest.  An unlawful arrest or an arrest utilizing excessive force is a battery because that touching is not justified or excused and therefore is unlawful.  See generally, Roger D. Groot, Criminal Offenses and Defenses in Virginia 26 (3d ed. 1994).

In this case, the touching was unlawful and constituted a battery.  Any consent given was coerced by the defendant using the power he wielded over the victim to take advantage of the situation and to play on the victim's vulnerability.  The touching administered far exceeded the scope of any consent that may have been given voluntarily or which would have been justified or excused by any legitimate claim of authority to conduct a weapons search.

Assault and battery is a lesser-included offense of sexual battery as defined in Code § 18.2-67.4.  A defendant commits sexual battery when he sexually abuses a victim against the victim's will, by force, threat or intimidation, or through the use of the complaining witness' mental incapacity or physical helplessness.  Sexual abuse is defined in Code § 18.2-67.10(6) as an act committed with the intent to sexually molest, arouse, or gratify any person, where the accused intentionally touches the complaining witness' intimate parts or material directly covering such intimate parts.  The elements of the offense consist of an

- 3 -

intentional touching administered with the intent to sexually molest, arouse, or gratify.  The more specific and aggravated state of mind necessary to commit sexual abuse encompasses the less culpable mental state found in an assault and battery.  Both offenses require a touching.  Thus, each element of an assault and battery is encompassed within the elements of sexual battery.  See Clark v. Commonwealth, 12 Va. App. 1163, 408 S.E.2d 564 (1991), and Johnson v. Commonwealth, 5 Va. App. 529, 365 S.E.2d 237 (1988).

For the foregoing reasons, we affirm.

Affirmed.