*332 BENTON, Judge,
concurring.
I concur in affirming the conviction. I write separately only to note my view that “the unlawful touching of another,” see Gnadt v. Commonwealth, 27 Va.App. 148, 151, 497 S.E.2d 887, 888 (1998), does not completely define the crime of “assault and battery.” In affirming a conviction for assault and battery, the Supreme Court long ago held that “[a] battery consists of the willful or unlawful touching of the person of another by the assailant, or by some object set in motion by [the assailant].” Wood v. Commonwealth, 149 Va. 401, 404, 140 S.E. 114, 115 (1927).
The trial judge found that the student’s testimony was credible, that the second touching was willful and not done in the ordinary course of the defendant’s need to communicate or to discharge his duties as a teacher, and that “it should have been clear to a reasonable teacher that [this] type of touching was not welcomed.” These findings are based on credible evidence and are sufficient to prove the offense beyond a reasonable doubt.