COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


CURTIS JACKSON

                                    MEMORANDUM OPINION* BY
v.    Record No. 2701-99-1          JUDGE LARRY G. ELDER
                                      NOVEMBER 14, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                     AND COUNTY OF JAMES CITY
                  Samuel Taylor Powell, III, Judge

          Colleen K. Killilea for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Curtis Jackson (appellant) was convicted in a bench trial

for assault and battery in violation of Code § 18.2-57.2.  On

appeal, he contends the testimony of the victim was inherently

incredible and that, without such testimony, the evidence was

insufficient to support his conviction.  We hold that the

victim's testimony was not inherently incredible but that, even

if it was, the trial court relied largely on the eyewitness

testimony of a third party, the credibility of which appellant

does not challenge on appeal.  We conclude that the evidence as

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

a whole, including the third party's eyewitness testimony, was sufficient to support appellant's conviction.

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The conclusions of the fact finder on issues of witness credibility "may only be disturbed on appeal if this Court finds that [the witness'] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (quoting Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984)). In all other cases, we must defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).

Here, the trial court indicated that it relied "largely upon [Shirley Thomas'] testimony" in convicting appellant of committing an assault and battery on Katherine Cherrill on May 29, 1999. Thomas testified that she heard a "smack" and then heard appellant say to Cherrill, "If you say one more thing, I'll hit you." Thomas then turned around, saw Cherrill holding her ear, and observed appellant strike Cherrill in the

-

mouth.  Thomas' testimony was not inherently incredible, and appellant does not contend otherwise.

Although Cherrill, while under oath, gave several different accounts of the events of May 29, 1999, she testified before the trial court that appellant struck her in the mouth at least once on that date, which was consistent with Thomas' testimony. Cherrill explained that she had recanted her allegations in a notarized statement dated June 10, 1999,[1] and in her original testimony in the district court because she was afraid of appellant.  The evidence indicated that she eventually testified in the district court that appellant had struck her once on May 29, 1999.  The mere fact that appellant was incarcerated during that time did not prevent the court from concluding that Cherrill was, in fact, afraid of appellant and may have lied as a result of that fear.

Therefore, we conclude that Cherrill's testimony that appellant struck her at least once on May 29, 1999, was not inherently incredible.  Coupled with the unimpeached testimony of Shirley Thomas, which the trial court found to be "entirely

---

[1] The notarized statement was not, in fact, at odds with Thomas' testimony that appellant threatened to strike Cherrill and did strike Cherrill in the mouth.  The notarized statement indicates merely that appellant did not "harm" Cherrill or cause her "any bodily injury."  This notarized statement, if credited by the trial court, would not be at odds with appellant's conviction because a conviction for assault and battery does not require proof of infliction of bodily injury or other harm.  See Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998).

-

credible" and upon which the trial court relied heavily in convicting appellant, the evidence was sufficient to support appellant's assault and battery conviction.

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>