COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


DERECK LAMONT HOLMES, S/K/A
 DERRICK LAMONT HOLMES

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0629-00-3          JUDGE ROBERT P. FRANK
                                       JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

              S. Jane Chittom, Appellate Defender (Public
              Defender Commission, on brief), for
              appellant.

              Steven A. Witmer, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Dereck Lamont Holmes (appellant) was convicted in a bench

trial of two counts of felonious assault and battery of a police

officer in violation of Code § 18.2-57(C), one count of impeding

a police officer in violation of Code § 18.2-460(C) and one

count of possession of cocaine in violation of Code § 18.2-250.

On appeal, he contends the trial court erred in finding the

evidence was sufficient to support his convictions and in

denying his motion to suppress.  Finding no error, we affirm the

convictions.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  BACKGROUND

On June 16, 1998, at 4:30 a.m., Danville Police Officer L.R. Kennedy was on patrol when he saw a 1988 two-door Pontiac with Virginia license plates driving backwards on Berryman Avenue onto East Stokes Street.  Kennedy stopped the vehicle.  While the officer performed field sobriety tests on the driver, appellant, who was a passenger, got out of the car and moved to the sidewalk.  Officer Kennedy observed that appellant appeared to be intoxicated.  Appellant was staggering and had a dazed look about his person and on his face.

Concerned for his safety while he dealt with the driver, Kennedy asked appellant to get back in the car.  Appellant did not comply.  Officer Kennedy repeated his request.  He asked appellant to get into the car between six and eight times before appellant finally complied.

Officer Kennedy ultimately arrested the driver for driving under the influence.  The driver asked that Officer Kennedy leave the vehicle on the side of the road.  Officer Kennedy approached the passenger side of the car and told appellant to get out of the car so that he could perform an inventory search, which he was required to do by department policy.  Officer Kennedy believed that appellant was intoxicated so he told appellant he was going to check his sobriety.  After about ten to fifteen seconds, appellant got out of the vehicle and, when he did so, Kennedy saw a large bulge in his right front pocket.

-

The large bulge was approximately the size of a baseball.  The officer could not tell what was in appellant's pocket.

The bulge in appellant's pocket, as observed by Kennedy, was "a large indiscriminate bulge."  He stated, "It didn't appear to have any corners or particular shape, but still it was enough of a bulge that would stand out to a noticeable degree that it would catch my attention."  He said the bulge was thicker than it was long.  He agreed that the bulge could have been the length and approximate thickness of a baseball, but said he had seen pistols smaller than a baseball.  As to whether the object was flat or bulging out, Kennedy said the object was bulging, but he could not tell whether it was flat, square, or rectangular.  Kennedy did not have an opportunity to search inside appellant's pocket.

As appellant left the vehicle, he was still staggering. Kennedy could smell alcohol "coming from his breath" and his eyes were bloodshot and glassy.  Officer Kennedy told appellant to put his hands on top of the vehicle so he could perform a pat-down for weapons.  Appellant told Kennedy, "No," and then put his right hand in his right front pocket, the same pocket containing the bulge.  Appellant made no aggressive motion until Kennedy announced the pat-down.  Officer Kennedy reached out to stop him because he believed appellant "may have had a pistol in his pocket."  As Officer Kennedy reached out to grab appellant's

-

hand, he made contact with appellant's pocket and felt a hard object, but could not identify the object.

Appellant then bent his knees, squatting slightly, and came up with both hands, shoving Kennedy in the chest with his right hand. His left hand made contact with Officer Hyler. The two officers were pushed back eight to twelve inches.

As both officers attempted to grab appellant, all three fell to the sidewalk. A struggle that lasted for approximately seven to ten minutes ensued. During the struggle, both officers tried to handcuff appellant. Kennedy used chemical mace on appellant, but appellant continued to struggle. Appellant had both fists balled up but he was not striking the officers with his fists. He was trying to pull free from their grasp. Officer Kennedy was hit "with a few elbows and I was kneed a couple of times, close to the groin area." Appellant, during the struggle, also struck Officer Hyler in the chest with his elbows.

The two officers managed to handcuff appellant in front, and then, after a third officer arrived, they cuffed appellant's hands behind his back. Officer Kennedy then searched appellant and found lighters, tissues, change, papers, and a homemade smoking device in appellant's right front pocket, the same pocket where Kennedy initially saw the bulge.

-

Appellant, while admitting to having tissues, a lighter, and a crack pipe in his pocket, denied there was a bulge in his pocket and denied reaching into the pocket.

When ruling on the suppression motion, the trial court found:

> Then he was finally ordered to step out of the car, and due to his behavior and his demeanor, the police had reason to believe that he was probably under the influence of alcohol or some other substance. Now, at that point in time, the officer noticed that the defendant had a bulge in his right front pocket. After he saw the bulge, he told the defendant that he was going to frisk him or to pat him down. Now, at that point in time, the officer had observed the defendant had been staggering, he'd smelled the odor of alcohol and when the defendant said "no", up until that point I think that we have a question here that a reasonable pat down might be called into order. But the defendant's behavior at that point took a different turn. He initially began to move his hand toward his right front pocket and, in fact, reach into his pocket at which time the officer reached out to stop the defendant, believing that he might have had a weapon and felt a hard object. I think at that point the Court has to look at the circumstances in determining the officers behavior as to whether they were reasonable or not: We are in the middle of the night, a dark street, there has just occurred a violation of the law and the behavior of the defendant at that time became suspicious. It was obvious that he was attempting to avoid the officers touching him and when he made a movement toward his pocket I think that the officer had, at that point in time, the right to protect himself, to ensure that he could pursue his investigation further without harm coming to himself.

-

## II.  ANALYSIS

Appellant first contends the police did not have a reasonable basis to believe he was carrying a weapon.  He states three reasons for this contention: 1) the officer only had a generalized belief, 2) the bulge could not reasonably have been thought to be a weapon, and 3) being drunk in public cannot justify a pat-down, citing Lovelace v. Commonwealth, 258 Va. 588, 522 S.E.2d 856 (1999).

> At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving that a warrantless search or seizure did not violate the defendant's Fourth Amendment rights.  See Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989); Alexander v. Commonwealth, 19 Va. App. 671, 674, 454 S.E.2d 39, 41 (1995).  On appeal, we view the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1659, 134 L.Ed.2d 911 (1996)).  However, we review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case.  See Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996); see also Ornelas, 517 U.S. at 699, 116 S. Ct. at 1659.

-

Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999).

"Once a police officer has properly detained a suspect for questioning,[1] he may conduct a limited pat-down search for weapons if he reasonably believes that the suspect might be armed and dangerous." Williams v. Commonwealth, 4 Va. App. 53, 66, 354 S.E.2d 79, 86 (1987) (citations omitted).

> It is not unreasonable for a police officer to conduct a limited pat-down search for weapons when the officer can point to "specific and articulable facts" "which reasonably lead[ ] him to conclude, in light of his experience, that 'criminal activity may be afoot' and that the suspect 'may be armed and presently dangerous.'"

James v. Commonwealth, 22 Va. App. 740, 745, 473 S.E.2d 90, 92 (1996) (citations omitted).

> "Among the circumstances to be considered in connection with this issue are the 'characteristics of the area' where the stop occurs, the time of the stop, whether late at night or not, as well as any suspicious conduct of the person accosted such as an obvious attempt to avoid officers or any nervous conduct on the discovery of their presence."

Williams, 4 Va. App. at 67, 354 S.E.2d at 86-87 (citation omitted).

Appellant's argument presupposes there was a pat-down. However, the record establishes that a pat-down did not occur.

---

[1] Appellant does not contest validity of the stop or detention or his removal from the vehicle.

-

While the officer intended to pat appellant down, appellant's actions prevented the officer from doing so.  The trial court found, and we agree, that upon appellant reaching into his pocket that contained the bulge, the officer reached to grab appellant's hand to protect himself and only incidentally touched the bulge.  We, therefore, need not address whether or not the officer reasonably believed appellant might be armed and dangerous.  Once appellant pushed both officers away and engaged in a struggle with the officers, the officers had probable cause to arrest appellant for felony assault and battery.  Further, since appellant was staggering and had a dazed look, bloodshot eyes, and an odor of alcohol about his person, the officers also had probable cause to arrest appellant for being drunk in public.[2]  The subsequent search was valid as a search incident to a lawful arrest.

> "[T]he test of constitutional validity [of a warrantless arrest and incidental search] is whether . . . the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed."  Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970).  To establish probable cause, the Commonwealth must show "'a probability or substantial chance of criminal activity, not an actual showing'" that a crime was committed.  Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996) (quoting

_____

[2] Although public drunkenness is a Class 4 misdemeanor, pursuant to Code § 19.2-74(A)(2), the police are authorized to arrest the accused and not merely issue a summons.

-

> *Illinois v. Gates*, 462 U.S. 213, 243 n.13,
> 103 S. Ct. 2317, 2335 n.13, 76 L.Ed.2d 527
> (1983)).  Ordinarily, the Fourth Amendment
> requires only that an objectively reasonable
> basis exist for a search.  See, e.g., *Whren*
> *v. United States*, 517 U.S. 806, 812-13, 116
> S. Ct. 1769, 1774, 135 L.Ed.2d 89 (1996).
> "'[T]hat the officer does not have the state
> of mind which is hypothecated by the reasons
> which provide the legal justification for
> the officer's action does not invalidate the
> action taken as long as [all] the
> circumstances, viewed objectively, justify
> that action.'"  *Id.* at 813, 116 S. Ct. at
> 1774 (quoting *Scott v. United States*, 436
> U.S. 128, 138, 98 S. Ct. 1717, 1723, 56
> L.Ed.2d 168 (1978)).

*Debroux v. Commonwealth*, 32 Va. App. 364, 381, 528 S.E.2d 151,
159, *aff'd on reh'g en banc*, 34 Va. App. 72, 537 S.E.2d 630
(2000).

In this case, because the officer did not pat-down
appellant and because the police found the cocaine during a
search incident to a lawful arrest, we affirm the trial court's
denial of the motion to suppress.

Appellant next contends the trial court erred in convicting
appellant of two counts of assault and battery of police
officers.  Specifically, he argues no evidence indicated he
intentionally caused the officers bodily harm.  He further
contends he had a right to resist an unlawful search.
Similarly, he contends the trial court erred in convicting him

-

of "obstruction of justice" under Code § 18.2-460 because the officers were not "lawfully engaged" in their duties.[3]

As we stated in Perkins v. Commonwealth, 31 Va. App. 326, 523 S.E.2d 512 (2000):

> An assault and battery is the unlawful touching of another. See Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998). Assault and battery is "the least touching of another, willfully or in anger." Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th ed. 1998). The defendant does not have to intend to do harm; a battery may also be "done in a spirit of rudeness or insult." Id. (footnote omitted). The touching need not result in injury. See Gnadt, 27 Va. App. at 151, 497 S.E.2d at 888. A touching is not unlawful if the person consents or if the touching is justified or excused. See id.; Groot, supra, at 30 ("an intentional touching which was not justified or excused is a battery").

Id. at 330, 523 S.E.2d at 513.

---

[3] Code § 18.2-460(C) states:

> If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a judge, magistrate, justice, juror, witness, or any law-enforcement officer, lawfully engaged in the discharge of his duty, or to obstruct or impede the administration of justice in any court relating to a violation of or conspiracy to violate § 18.2-248 or § 18.2-248.1 (a) (3), (b) or (c), or relating to the violation of or conspiracy to violate any violent felony offense listed in subsection C of § 17.1-805, he shall be guilty of a Class 5 felony.

-

Whether a touching is a battery depends on the intent of the actor, not on the force applied.  <u>Wood v. Commonwealth</u>, 149 Va. 401, 405, 140 S.E. 114, 115 (1927).

Appellant admits he pushed both officers.  This act, alone, is an unlawful, willful touching done "in a spirit of rudeness or insult."  Further, appellant engaged the officers in a struggle that resulted in all three participants being thrown to the ground.  In the ensuing struggle, appellant kneed one officer and elbowed both officers.  The fact finder could reasonably find an "unlawful, willful touching" that was "done in a spirit of rudeness and insult."

As noted earlier, the police had probable cause to arrest appellant for public drunkenness.  While appellant relies on <u>Lovelace</u> for his contention that the police cannot pat-down a person suspected of committing a Class 4 misdemeanor, he misreads Code § 18.2-460(C) set forth in footnote three above.

Further, <u>Lovelace</u> does not support appellant's argument.  Rather, it addresses "search incident to citation" as expounded in <u>Knowles v. Iowa</u>, 525 U.S. 113 (1998).  <u>Lovelace</u>, 258 Va. at 593-94, 522 S.E.2d at 858-59.  In <u>Lovelace</u>, the Supreme Court of Virginia opined that when a suspect is stopped for an offense that only gives rise to a citation or summons, a "full field-type search" is not allowed.  <u>Id.</u> at 594, 522 S.E.2d at 859.  The Court wrote, "Because the nature and duration of such an encounter are significantly different and less threatening

-

than in the case of an officer effecting a custodial arrest, the rationales justifying a full field-type search are not sufficient to authorize such a search incident to the issuance of a citation."  Id.  Yet Lovelace, citing Knowles, did not bar a "pat-down" in a citation situation under the proper circumstances.  Id. at 594, 522 S.E.2d at 858-59.  The Court wrote, "However, the Supreme Court recognized that the concern for officer safety is not absent in a routine traffic stop and may justify some additional intrusion.  However, by itself, it does not warrant the greater intrusion accompanying 'a full field-type search.'"  Id. at 594, 522 S.E.2d at 858 (citation omitted).

The Court further opined:

> We believe that the scope of these further intrusions is limited to what is necessary to answer the concerns raised by the presence of either historical rationale. In other words, an encounter between a police officer and an individual that is similar to a routine traffic stop and results in the issuance of a citation or summons may involve some degree of danger to the officer or some need to preserve or discover evidence sufficient to warrant an additional intrusion, but it will not necessarily justify a full field-type search.

Id. at 594, 522 S.E.2d at 859.

We conclude from Lovelace that, even in a citation offense, the officer may pat-down the suspect if the officer reasonably believes that the suspect might be armed and dangerous.

-

Assuming, without deciding, that appellant had a right to resist an unlawful pat-down, we find the officers were "lawfully engaged in the discharge of [their] duties."  Appellant was properly convicted of assault and battery on police officers and impeding a police officer.

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>

-