COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Agee and Kelsey
Argued at Salem, Virginia


PATRICK CLAY ENGLISH

MEMORANDUM OPINION[*] BY
v.   Record No. 0675-02-3          JUDGE ROBERT J. HUMPHREYS
                                        DECEMBER 31, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Gregory T. Casker for appellant.

Margaret W. Reed, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Patrick C. English appeals his conviction, after a bench

trial, for assault and battery upon a police officer, in violation

of Code § 18.2-57(C).[1]  English contends the trial court erred in

---

[*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

[1] Code § 18.2-57(C) provides:

In addition, if any person commits an
assault or an assault and battery against
another knowing or having reason to know
that such other person is a law-enforcement
officer as defined hereinafter, a
correctional officer as defined in § 53.1-1,
a person employed by the Department of
Corrections directly involved in the care,
treatment or supervision of inmates in the
custody of the Department or a firefighter

finding the evidence sufficient to support the conviction.  For the following reasons, we affirm the judgment of the trial court.

English argues the Commonwealth failed to establish that he caused injury to Officer Casey H. Allen, of the Danville Police Department, by spitting on his face; and that in doing so, he possessed the requisite intent to do bodily harm.  We disagree.

> The circuit court sitting without a jury in this case acted as the fact finder; hence, the court's judgment is accorded the same weight as a jury verdict.  As the fact finder, the court "need not believe the accused's explanation and may infer that he is trying to conceal his guilt."

Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 907 (2001) (citation omitted).

> An assault and battery is the unlawful touching of another.  See Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998).  Assault and battery is "the least touching of another, willfully or in anger."  Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th ed. 1998).  The defendant does not have to intend to do harm; a battery may also be "done in a spirit of rudeness or insult." Id. (footnote omitted).  The touching need not result in injury.  See Gnadt, 27 Va. App. at 151, 497 S.E.2d at 888.  A touching is not unlawful if the person

---

> as defined in § 65.2-102, engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony, and, upon conviction, the sentence of such person shall include a mandatory, minimum term of confinement for six months which mandatory, minimum term shall not be suspended, in whole or in part.

-

consents or if the touching is justified or excused.

Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (other citations omitted).

Thus, "'[a]ssault and battery, . . . requires proof of 'an overt act or an attempt . . . with force and violence, to do physical injury to the person of another,' 'whether from malice or from wantonness,' together with 'the actual infliction of corporal hurt on another . . . wilfully or in anger.'" Boone v. Commonwealth, 14 Va. App. 130, 132-33, 415 S.E.2d 250, 251 (1992) (quoting Jones v. Commonwealth, 184 Va. 679, 681-82, 36 S.E.2d 571, 572 (1946)). "One cannot be convicted of assault and battery 'without an intention to do bodily harm — either an actual intention or an intention imputed by law,' but an intent to maim, disfigure or kill is unnecessary to the offense." Id. at 133, 415 S.E.2d at 251 (quoting Davis v. Commonwealth, 150 Va. 611, 617, 143 S.E. 641, 643 (1928)).

However,

> "[w]hen [an] injury is actually inflicted, a battery has been committed regardless of how small the injury might be. 'Battery is the actual infliction of corporal hurt on another (e.g., the least touching of another's person), willfully or in anger, whether by the party's own hand, or by some means set in motion by him.'"

Adams v. Commonwealth, 33 Va. App. 463, 468, 534 S.E.2d 347, 350 (2000) (quoting Seegars v. Commonwealth, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994) (quoting Jones, 184 Va. at 682, 36 S.E.2d

-

at 572)).  "[T]he slightest touching of another . . . if done in a rude, insolent or angry manner, constitutes a battery for which the law affords redress."  Crosswhite v. Barnes, 139 Va. 471, 477, 124 S.E. 242, 244 (1924) (citation omitted).  Indeed, "[t]he law upon the subject is intended primarily to protect the sacredness of the person, and, secondarily, to prevent breaches of the peace."  Banovitch v. Commonwealth, 196 Va. 210, 219, 83 S.E.2d 369, 374 (1954) (citations omitted).  Thus, "[i]n Virginia, it is abundantly clear that a perpetrator need not inflict a physical injury to commit a battery."  Adams, 33 Va. App. at 469, 534 S.E.2d at 351.

Nevertheless, an individual cannot be convicted of assault and battery "'without an intention to do bodily harm — either an actual intention or an intention imputed by law.'"  Davis, 150 Va. at 617, 143 S.E. at 643.  However,

> [p]roving intent by direct evidence often is impossible.  Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it.  Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "[t]he finder of fact may infer that [he] intends the natural and probable consequences of his acts."

Adams, 33 Va. App. at 470-71, 534 S.E.2d at 351 (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)) (other citations omitted).

-

Here, when Officer Allen and his partner arrived at the trailer home of Lisa Dabbs to investigate a complaint of a "disorderly subject," they found English inside the home, "intoxicated, disorderly," and "arguing with another subject that was inside the trailer." English was "very intoxicated" and "uncooperative." When Officer Allen placed English under arrest for trespassing, and escorted him to the patrol car, English turned back to Dabbs and her friend and told them that he was "gonna get'em," and threatened to kill them because they had called the police. Subsequently, as they were driving to the police station, English, who was sitting in the back seat of the car, remained "irate" and cursed at Officer Allen, who was driving the car. English then spit at Allen through the "screen," between the front and back seats, hitting Allen behind his right ear.

The trial court, sitting as the fact finder, was entitled to reject English's testimony denying that he spit on Allen. The court specifically found that English's testimony in this regard was unbelievable and that, based upon English's demeanor on the witness stand, as well as how he conducted himself when he was arrested, English intended to spit on Officer Allen, thereby committing an assault and battery. That decision was not plainly wrong or without supporting evidence and must be upheld on appeal.

For the reasons stated, we affirm the judgment of the trial court.

<u>Affirmed.</u>

-