COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued at Richmond, Virginia


KEVIN LEE MAY

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2269-03-2             JUDGE ROBERT J. HUMPHREYS
                                                      JULY 6, 2004
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                              Herbert C. Gill, Jr., Judge

          John A. Rockecharlie (Bowen, Champlin, Carr & Rockecharlie, on
          brief), for appellant.

          Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
          Attorney General, on brief), for appellee.


       Kevin Lee May appeals his convictions, after a bench trial, for misdemeanor assault and

battery, and felony assault and battery of a law enforcement officer.  May contends that the trial

court erred in finding the evidence sufficient, as a matter of law, to establish that he intended to

injure the victims at issue.  For the reasons that follow, we affirm the judgment of the trial court.

       It is well established that on appeal, we review the evidence and all reasonable inferences

in the light most favorable to the Commonwealth as the party prevailing below. Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  That principle requires us

to discard the evidence of the defendant in conflict with the Commonwealth's evidence and

regard as true all evidence favorable to the Commonwealth. See Watkins v. Commonwealth, 26

Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).  Furthermore,

_____

          [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

[t]o sustain a conviction for assault, the evidence need only prove "an attempt or offer, with force and violence, to do some bodily hurt to another." Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955). When the injury is actually inflicted, a battery has been committed regardless of how small the injury might be. "'Battery is the *actual infliction of corporal hurt* on another (e.g., the *least touching* of another's person), *willfully or in anger*, whether by the party's own hand, or by some means set in motion by him.'" Jones v. Commonwealth, 184 Va. 679, 682, 36 S.E.2d 571, 572 (1946).

Seegars v. Commonwealth, 18 Va. App. 641, 644-45, 445 S.E.2d 720, 722 (1994) (emphasis in original).

An assault and battery is the unlawful touching of another. See Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998). Assault and battery is "the least touching of another, willfully or in anger." Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th. ed. 1998). *The defendant does not have to intend to do harm; a battery may also be "done in a spirit of rudeness or insult."* Id. (footnote omitted). The touching need not result in injury. See Gnadt, 27 Va. App. at 151, 497 S.E.2d at 888. A touching is not unlawful if the person consents or if the touching is justified or excused. See id.; Groot, *supra*, at 30 ("an intentional touching which was not justified or excused is a battery").

Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (emphasis added).

Thus, contrary to May's contention, the law clearly does not require proof that May specifically intended to injure the victims at issue. Instead, "the slightest touching of another . . . if done in a rude, insolent or angry manner, constitutes a battery for which the law affords redress." Crosswhite v. Barnes, 139 Va. 471, 477, 124 S.E. 242, 244 (1924) (citation omitted); see also Adams v. Commonwealth, 33 Va. App. 463, 469, 534 S.E.2d 347, 350 (2000).

[W]here there is physical injury to another person, it is sufficient that the cause is set in motion by the defendant, or that the [victim] is subjected to its operation by means of any act or control which the defendant exerts. The law upon the subject is intended

> primarily to protect the sacredness of the person, and, secondarily, to prevent breaches of the peace.

Banovitch v. Commonwealth, 196 Va. 210, 219, 83 S.E.2d 369, 374 (1954) (citations omitted).

In the case at bar, we find there was sufficient direct evidence to support the trial court's conclusion that May was "angry" he was not allowed into the Fox & Hounds British Pub on the evening at issue and that May was angry when he was subsequently arrested by Officer Mark Haynes.[1] The direct evidence presented by the Commonwealth was likewise sufficient to prove that, both at the Fox & Hounds and during the arrest, May expressed his anger in a physical manner, causing injury to Todd Bristow, the Fox & Hounds manager, and to Officer Haynes. In fact, Bristow testified that May "punche[d] [him] in the eye" when May tried to re-enter the bar. Officer Haynes testified that, after he placed May under arrest and handcuffed him, May "grab[bed] onto [Haynes's] hand and [dug] his nails into [Haynes's] hand." When Officer Haynes freed his "fingers from [May's] grip," he noticed that he had sustained a cut on his "right pinky."

The fact that Adam Johnson (May's companion on the evening in question) testified that May did not hit Bristow and that May himself denied assaulting Bristow and Officer Haynes, is of no moment. Nor is it of any consequence that Michael Easingwood, the Fox & Hounds doorman, testified that May did not "punch" Bristow. As we have stated on many occasions, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the [trial court] who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the [trial court] is entitled to disbelieve the self-serving testimony of the

---

[1] May does not dispute the fact that he was aware Officer Haynes, who was in uniform at the time of the incident at issue, was a police officer.

accused and to conclude that the accused is lying to conceal his guilt." <u>Snow v. Commonwealth</u>, 33 Va. App. 766, 774, 537 S.E.2d 6, 10 (2000) (citing <u>Marable v. Commonwealth</u>, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citations omitted)).  Thus, contrary to May's contention on appeal, the trial court was clearly entitled to reject the conflicting testimony and accept the testimony of Bristow and Officer Haynes.

For these reasons, we affirm May's convictions.

<u>Affirmed.</u>