COURT OF APPEALS OF VIRGINIA


Present:   Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


CHARLES JERMAINE WALKER
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1406-04-4                  JUDGE JERE M. H. WILLIS, JR.
                                                        NOVEMBER 1, 2005
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                              Burke F. McCahill, Judge

               Buta Biberaj (Biberaj & Associates, PC, on brief), for appellant.

               (Judith Williams Jagdmann, Attorney General; Leah A. Darron,
               Assistant Attorney General, on brief), for appellee.  Appellee
               submitting on brief.


        Charles Jermaine Walker contends on appeal that the evidence was insufficient to support

his conviction of assault and battery, in violation of Code § 18.2-57.  We affirm the judgment of the

trial court.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

        On September 6, 2002, Walker and his wife engaged in a "heated" argument regarding

their son's discipline.  The argument lasted for twenty to thirty minutes and culminated in his

wife's "basically challeng[ing] [Walker's] manhood."  Walker grabbed a knife from the

"butcher's block" on the kitchen counter.  He turned toward his wife, who, seeing the knife,

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

retreated. She began to fall backwards. Walker paused, then continued toward her. Fearing the knife, she raised her arm as she fell. Upon rising, she discovered she had suffered a large cut on her left ring finger. Walker called for emergency assistance, reporting he had "cut his wife." Upon arriving at the residence the police asked, "where's the suspect?" Walker replied "I am, I did it."

Walker later claimed he removed the knife from the counter to keep it away from his two-year-old child. He said that while still holding the knife, he reached for his wife in an attempt to keep her from falling. He denied intending to injure her.

## ANALYSIS

Walker argues that the Commonwealth failed to prove that he intentionally cut his wife.

"An assault and battery is an unlawful touching of another. It is not necessary that the touching result in injury to the person. Whether a touching is a battery depends on the intent of the actor, not on the force applied." Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998). "Intent in fact is the purpose formed in a person's mind, which may be shown by the circumstances surrounding the offense, including the person's conduct and his statements. And a person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977) (citation omitted).

The evidence sufficiently established that Walker and his wife engaged in a heated argument, during which she assaulted him both verbally and physically. When she impugned his "manhood," he became enraged, grabbed a knife, turned, and advanced toward her. This supports the finding that he threatened his wife with the knife. Frightened, she began to retreat and stumbled as she did so. He advanced, reached out, knife in hand, and cut the hand she raised defensively. Although Walker claimed he was attempting to prevent his wife's fall, he reached out with the knife that he must have known he still held in his hand and with which he had

- 2 -

moments earlier threatened her. He made no claim of accident in his emergency call or in his initial conversations with the police. He simply acknowledged being the person who had inflicted the injury. This suggests that the accident claim is a later contrivance.

The trial court found Walker's explanation incredible. In judging witness credibility, the trier of fact is entitled to disbelieve a defendant's self-serving testimony and to conclude that he is lying to conceal his guilt. Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). We find no error in the trial court's credibility determination. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Walker was guilty of assault and battery.

The judgment of the trial court is affirmed.

Affirmed.