COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Annunziata
Argued at Richmond, Virginia


CHAUNCEY LAMONT MONTAGUE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1663-07-3        JUDGE ROSEMARIE ANNUNZIATA
                                                    JANUARY 20, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

Patricia P. Nagel, Assistant Appellate Defender (Stacie A. Cass,
Assistant Appellate Defender, on briefs), for appellant.

Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Chauncey Lamont Montague appeals from his bench trial convictions for possession of

cocaine, possession of a firearm while in possession of cocaine, possession of a firearm after having

been convicted of a felony, and assault and battery of a law enforcement officer.  On appeal, he

contends (1) the trial court erred by denying his motion to suppress and (2) the evidence was

insufficient to support his conviction for assault and battery of a law enforcement officer.  For the

reasons that follow, we disagree and affirm.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that on the evening of January 19, 2007, Lieutenant Gary Wilson and Officer Larry Land were on patrol at an apartment complex where their duties included checking for trespassing by individuals banned from the complex. They observed appellant and a woman walking towards a parked vehicle. The car was unoccupied, but running, and loud music emanated from the vehicle. Appellant walked past the officers and stopped. Land asked appellant if he lived at the complex. Appellant replied that he did not and explained he was there to pick up a friend. He admitted the car was his. When the officers asked appellant if he had identification, appellant said he did not, but then provided the officers with his name and social security number. As Land checked the information appellant had provided to determine if he had been banned from the facility, appellant continued to talk to the officers. It took less than two minutes to check appellant's information. The officers stood approximately five to seven feet away from appellant during the encounter. They never told appellant he could not leave, and appellant neither asked, nor attempted, to leave.[1]

When Land discovered that although appellant was not banned from the complex, there was an outstanding warrant for his arrest, the officers placed him under arrest. Wilson grabbed appellant's right arm, and Land took his left. However, appellant began resisting the officers' attempt to place him under arrest. Appellant struck Land in the chest with his elbow and pushed him back with his hand. Appellant also disregarded the officers' commands to place his hands behind his back. Instead, appellant reached into his pocket. Land responded and pulled appellant's hand from the pocket, causing a gun to fall from the pocket to the ground. A pill bottle containing cocaine also fell from the pocket of appellant's sweatshirt during the encounter.

---

[1] Appellant's companion, Angela Davis, testified the entire encounter with the police lasted only three or four minutes.

Ultimately, the police sprayed appellant with mace and handcuffed him to bring him under their control.

ANAYLSIS

I.

"In reviewing a trial court's denial of a motion to suppress, 'the burden is upon [the appellant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed *de novo* on appeal." Id. (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)). Thus, while "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers," id. at 198, 487 S.E.2d at 261 (citing Ornelas, 517 U.S. at 699), "we review *de novo* the trial court's application of legal standards such as reasonable suspicion to the particular facts of the case," McCracken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002) (en banc).

"'[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions . . . .'" Washington v. Commonwealth, 29 Va. App. 5, 10, 509 S.E.2d 512, 514 (1999) (en banc) (quoting Florida v. Royer, 460 U.S. 491, 497 (1983)).

> A consensual encounter occurs when police officers
> approach persons in public places "to ask them questions,"
> provided "a reasonable person would understand that he or she
> could refuse to cooperate." United States v. Wilson, 953 F.2d 116,
> 121 (4th Cir. 1991) (quoting Florida v. Bostick, 501 U.S. 429, 431,
> 111 S. Ct. 2382, 2384, 115 L. Ed. 2d 389 (1991)); see also

> Richards v. Commonwealth, 8 Va. App. 612, 615, 383 S.E.2d 268, 270 (1989). Such encounters "need not be predicated on any suspicion of the person's involvement in wrongdoing," and remain consensual "as long as the citizen voluntarily cooperates with the police." Wilson, 953 F.2d at 121.

Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 870 (1992).

> "[A] person is 'seized' only when, by means of physical force or show of authority, his freedom of movement is restrained . . . . Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."

Baldwin v. Commonwealth, 243 Va. 191, 196, 413 S.E.2d 645, 648 (1992) (quoting United States v. Mendenhall, 446 U.S. 544, 553-54 (1980)).

"Voluntarily responding to a police request, which most citizens will do, does not negate 'the consensual nature of the response' even if one is not told that he or she is free not to respond." Grinton v. Commonwealth, 14 Va. App. 846, 849, 419 S.E.2d 860, 862 (1992) (quoting I.N.S. v. Delgado, 466 U.S. 210, 216 (1984)). The omission of an explicit instruction by the officer that appellant was free to leave did not render the encounter a seizure. See Harris v. Commonwealth, 266 Va. 28, 33, 581 S.E.2d 206, 210 (2003) ("The failure to affirmatively inform [the suspect] that he was free to leave does not by itself require a finding that the ensuing encounter was non-consensual.").

Here the police merely asked appellant if he lived at the complex and, when he said he did not, they asked if he had identification. Appellant willingly provided the officers with his name and social security number. The entire encounter was brief, and the police never told appellant he was not free to leave. Appellant remained in the area, stood approximately five feet away, and voluntarily spoke with the officers. He neither asked to leave nor attempted to leave. The police did not prevent appellant's companion from walking away or sitting on nearby steps

- 4 -

during the encounter. The evidence thus viewed supports the court's conclusion that the encounter was consensual and that appellant was not seized until after the police learned outstanding warrants for appellant's arrest had been issued. We find no error with the court's denial of appellant's motion to suppress.

## II.

Appellant also contends the evidence was insufficient to support his conviction for assault and battery of a law enforcement officer. Specifically, he asserts the Commonwealth failed to demonstrate he acted with the requisite intent.

In pertinent part, Code § 18.2-57(C) provides that "if any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer . . . engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony . . . ."

> An assault and battery is the unlawful touching of another. See Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998). Assault and battery is "the least touching of another, willfully or in anger." Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th ed. 1998). The defendant does not have to intend to do harm; a battery may also be "done in a spirit of rudeness or insult." Id. (footnote omitted). The touching need not result in injury. See Gnadt, 27 Va. App. at 151, 497 S.E.2d at 888. A touching is not unlawful if the person consents or if the touching is justified or excused.

Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (other citations omitted).

Appellant correctly notes that a person cannot be convicted of assault and battery "'without an intention to do bodily harm — either an actual intention or an intention imputed by law.'" Davis v. Commonwealth, 150 Va. 611, 617, 143 S.E. 641, 643 (1928).

However,

> [p]roving intent by direct evidence often is impossible. Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it. Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "[t]he finder of fact may infer that [he] intends the natural and probable consequences of his acts."

Adams v. Commonwealth, 33 Va. App. 463, 470-71, 534 S.E.2d 347, 351 (2000) (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)) (other citations omitted).

Appellant jerked and twisted his body as he struggled against the officers' attempt to arrest him, and he refused to obey their commands to put his hands behind his back. In the course of the struggle, appellant struck Land in the chest with his elbow and pushed the officer with his hand. Appellant purposely resisted the officers, and the blow to Land was a natural consequence of his voluntary actions. The trial court permissibly concluded appellant acted with the requisite intent.

The Commonwealth presented competent, credible, and sufficient evidence to prove beyond a reasonable doubt that appellant was guilty of assault and battery of a law enforcement officer. Therefore, the trial court's judgment was neither plainly wrong nor without evidence to support it. See Askew v. Commonwealth, 40 Va. App. 104, 107, 578 S.E.2d 58, 60 (2003). Accordingly, the decision of the trial court is affirmed.

Affirmed.