COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge Alston and Senior Judge Frank
Argued at Norfolk, Virginia


TIMOTHY MICHAEL BUSH

MEMORANDUM OPINION* BY
v.     Record No. 0409-18-1     JUDGE ROBERT P. FRANK
APRIL 16, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Frederick B. Lowe, Judge Designate

Kristin Paulding (7 Cities Law, on brief), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Appellant, Timothy M. Bush, was convicted in a bench trial of aggravated sexual battery

of his stepdaughter, M.M., and sexual battery of his niece, A.S. He contends on appeal that the

evidence was not sufficient to sustain the convictions.

BACKGROUND

We view the evidence in the light most favorable to the Commonwealth, as it was the

prevailing party in the trial court. See, e.g., Riner v. Commonwealth, 268 Va. 296, 330 (2004).

When M.M. was fifteen years old, she awakened to find appellant rubbing her vagina.

Appellant had been her stepfather since she was a young child. At the time of the offense,

appellant, M.M., and her mother and two sisters lived in a home in Chesapeake. M.M.'s

bedroom was in a converted attic where it was often hot, so she sometimes slept at the foot of her

parents' king-sized bed, which was more comfortable. Sometime during the summer of 2015,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

M.M. was sleeping on the foot of her parents' bed when she woke up at "around 5:00 a.m. to [appellant] touching [her]" on her vagina. M.M. was wearing pants, and appellant touched her over her clothing. M.M. had been dreaming "a sexual dream" in which her boyfriend had his hands in her "private area." While she was "half-asleep," and still thinking of her boyfriend, M.M. said, "don't stop," when she felt the hand pull away. The hand returned. M.M. fully awoke when she "went to put [her] hands on his hands," and felt "hairy knuckles like a forty-year-old man's hands." She realized it was not a "kid's hand" but an older man's hand. She pushed the hand away, but "then his hand was there again." M.M. climbed out of the bed and slept on the floor, but she did not tell anyone then because she was "scared" and "wanted to pretend it never really happened." Appellant moved out of the house several months later, and M.M. told her mother about the incident in January 2016.

Before the touching incident, appellant had frequently talked to M.M. about her older sister D.M., saying that M.M. didn't "show off her body like [D.M.] does. How come you don't?" He told M.M. that she had "pretty cleavage" and once sent her a message, "show me your boobs." On other occasions when M.M. was sleeping on her parents' bed during the day, she woke up to appellant moving the blankets and a "bright light in her face." M.M. pretended to be asleep and noticed appellant moving his cell phone across the blankets.

In June 2016, appellant texted M.M., writing "I miss. All most [sic] nude but I miss u nude even though I didn't see u a lot. I go back and look at pic's. I no [sic] I sound like a perv but it's the truth." A screenshot of this message was introduced into evidence as Commonwealth's Exhibit 1. M.M. testified that the text message "kind of scared" her because she had never shared nude pictures of herself with appellant.

A.S., M.M.'s sixteen-year-old cousin, sometimes visited appellant's residence. On one such occasion during the day in 2015, A.S. went into her aunt's bedroom to sleep because it was

cooler than the attic bedroom. A.S. awoke to feel a body behind her; appellant had one of his hands in her shorts touching her vaginal area and his other hand under her shirt touching her chest. A.S. left the room. She testified that appellant had asked her and M.M. if they had "made-out" before, suggested that they do so, and asked them "whose boobs were bigger and whose nipples were lighter." Appellant also asked A.S. to watch pornography with him.

When interviewed by the police in November 2016, appellant denied touching M.M. and A.S. inappropriately. He initially admitted sending the text message, but said that it had been intended for M.M.'s mother, and he later denied sending the message. He also said M.M.'s mother had threatened to have him arrested as a ploy to force him to pay more spousal support.

In finding appellant guilty of one count of aggravated sexual battery against M.M. and one count of sexual battery against A.S., the trial court based its decision on credibility of the witnesses.[1] This appeal follows.

ANALYSIS

I. Aggravated Sexual Battery

In challenging the sufficiency of the evidence to prove aggravated sexual battery, appellant argues that he did not have the requisite intent to commit the offense because he was asleep and there was no evidence that he was awake when the touching took place.

When an appellant challenges the sufficiency of the evidence supporting a conviction, "the judgment of the trial court shall not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680. When reviewing the sufficiency of evidence, this Court "must . . . ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kin Yiu

---

[1] The trial court found appellant not guilty of one count of sexual battery of A.S. and not guilty of indecent liberties.

Cheung v. Commonwealth, 63 Va. App. 1, 8 (2014) (quoting Crowder v. Commonwealth, 41 Va. App. 658, 663 (2003)). "If there is evidence to support the conviction, an appellate court is not permitted to substitute its own judgment for that of the finder of fact, even if the appellate court might have reached a different conclusion." Id. (quoting Conrad v. Commonwealth, 31 Va. App. 113, 123 (1999) (*en banc*)). "This deferential standard of review 'applies not only to the historical facts themselves, but [also to] the inferences from those facts.'" Bennett v. Commonwealth, 69 Va. App. 475, 492 (2018) (quoting Crowder, 41 Va. App. at 663 n.2).

The sole responsibility to determine the credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder. Commonwealth v. McNeal, 282 Va. 16, 22 (2011); Parham v. Commonwealth, 64 Va. App. 560, 565 (2015). "Potential inconsistencies in testimony are resolved by the fact finder. We do not revisit such conflicts on appeal 'unless the evidence is such that reasonable [persons], after weighing the evidence and drawing all just inferences therefrom, could reach but one conclusion.'" Towler v. Commonwealth, 59 Va. App. 284, 292 (2011) (quoting Molina v. Commonwealth, 47 Va. App. 338, 369, aff'd, 272 Va. 666 (2006)). The fact finder "[i]s free to believe or disbelieve, in part or in whole, the testimony of any witness." Bazemore v. Commonwealth, 42 Va. App. 203, 213 (2004) (*en banc*) (citing Rollston v. Commonwealth, 11 Va. App. 535, 547 (1991)).

Code § 18.2-67.3 states in part:

> A. An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and
>
> . . . .
>
> 3. The offense is committed by a parent, step-parent, grandparent, or step-grandparent and the complaining witness is at least 13 but less than 18 years of age . . . .

"Sexual abuse" is defined as "an act committed with the intent to sexually molest, arouse or gratify any person where . . . [t]he accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts[.]"[2] Code § 18.2-67.10(6)(a).

Appellant does not contest that he was the stepparent of M.M., nor that she was at least thirteen but less than eighteen years of age. His contention is that he did not touch her, but even if there was touching, it was not intentional, nor did he have any intent to sexually abuse M.M. His argument is premised on his claim that he was asleep when the touching occurred.

The trial court accepted M.M.'s testimony that appellant touched her vagina over her clothing. If believed, M.M.'s testimony was sufficient to prove the offense, as a conviction for a sexual offense may be sustained solely upon the uncorroborated testimony of the victim. See Nobrega v. Commonwealth, 271 Va. 508, 519 (2006); Le v. Commonwealth, 65 Va. App. 66, 77 (2015). The fact that M.M. delayed in telling anyone about the offense does not make her testimony incredible; rather, it was up to the court, sitting as the fact finder, "to determine what effect, if any, the delay in reporting the incident had on the credibility of the child's testimony." Love v. Commonwealth, 18 Va. App. 84, 90 (1994).

M.M.'s testimony proved that appellant was awake during the touching. M.M. initially thought, in her dream, that her boyfriend was touching her. When appellant withdrew his hand, she said, "Don't stop," and appellant again placed his hand on her vagina. This evidence clearly indicates that appellant was awake and aware and responded to M.M.'s statement.

"Intent is the purpose formed in a person's mind and may be, and frequently is, shown by the circumstances. It is a state of mind which may be proved by a person's conduct or by his statements." Mason v. Commonwealth, 49 Va. App. 39, 45 (2006) (quoting Haywood v.

---

[2] "'Intimate parts' means the genitalia, anus, groin, breast, or buttocks of any person." Code § 18.2-67.10(2).

Commonwealth, 20 Va. App. 562, 565 (1995)).  "Whether the required intent exists is generally a question for the trier of fact."  Id. (quoting Crawley v. Commonwealth, 25 Va. App. 768, 773 (1997)).

Appellant's intent to sexually abuse M.M. appears not only on the date of the touching but also is manifested in a course of conduct indicating he had a sexual attraction to M.M.  He had made numerous sexual comments about their breasts to M.M. and A.S.  It also may be reasonably inferred that appellant had taken nude photos of M.M. while she was asleep.  On one occasion, M.M. was awakened to find appellant moving his cell phone under the blankets and a "bright light in her face."  Appellant sent her a text message that he missed seeing her nude.

The evidence was sufficient to prove appellant guilty of aggravated sexual battery, and we affirm that conviction.

## II.  Sexual Battery

A conviction for sexual battery requires proof that the accused sexually abused, as defined in Code § 18.2-67.10, "the complaining witness against the will of the complaining witness, by force, threat, intimidation, or ruse . . . ."[3]  Code § 18.2-67.4(A)(i).

Appellant contends that the evidence was insufficient to prove sexual battery because the evidence failed to show that he sexually abused A.S. by force, threat, intimidation, or ruse.  The Commonwealth concedes that the evidence was insufficient to sustain appellant's conviction.

> Such concessions embody the ethical duties expected of a legal advocate for the Commonwealth and are held in high esteem.  Concessions of legal error, however, do not relieve the appellate court of its responsibility to perform its judicial function.  While such concessions are entitled to great weight, they do not remove the Court's obligation to conduct its own review.

Joseph v. Commonwealth, 64 Va. App. 332, 336 n.2 (2015) (citations omitted).

---

[3] It should be noted that mental capacity and a physical helplessness are not elements of the offense.

A.S. testified that she had been sleeping when she felt a person behind her, putting his hand in her shorts, touching her "private area." He also put his hand under her shirt, touching her chest. When she woke up and realized what had happened, she left the room and ran downstairs, leaving appellant on the bed. By her own testimony, the sexual battery was not accomplished by force, threats, intimidation, or ruse.

However, the Commonwealth contends that appellant is guilty of assault and battery, a lesser-included offense of sexual battery.[4] See Gnadt v. Commonwealth, 27 Va. App. 148, 151 (1998) (assault and battery is a lesser-included offense of sexual battery). A battery is an unlawful touching of another. Id. at 152. "[T]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress." Crosswhite v. Barnes, 139 Va. 471, 477 (1924). Clearly, the evidence is sufficient to prove appellant committed an assault and battery on A.S. by touching her "private area" and chest, although the evidence is insufficient to prove sexual battery.

The Commonwealth suggests remanding the sexual battery conviction for resentencing on the lesser offense of assault and battery. This Court has two options in this case. This Court can remand for sentencing for the lesser-included offense if both parties consent. See Commonwealth v. South, 272 Va. 1, 1 (2006) (holding that, in cases where the evidence is insufficient to support conviction of a greater offense, remand for sentencing on a lesser offense is appropriate if the parties consent); Salazaar v. Commonwealth, 66 Va. App. 569, 575 n.3 (2016). Without such consent, we must remand for a new trial on the lesser-included offense, if the Commonwealth be so advised. See Britt v. Commonwealth, 276 Va. 569, 576 (2008);

---

[4] The crime of assault and the crime of battery are independent criminal acts, although they are linked in Code § 18.2-57.

<u>Frango v. Commonwealth</u>, 66 Va. App. 34, 46 (2016).  Appellant stated at oral argument that he does not agree to remanding the case for resentencing.

CONCLUSION

We affirm appellant's conviction for aggravated sexual battery of M.M.  We reverse his conviction for sexual battery of A.S. and remand the case for a new trial on assault and battery.

<u>Affirmed in part; reversed and remanded in part.</u>