COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


CARY RANDALL PERKINS
                                        OPINION BY
v.   Record No. 2342-98-3     JUDGE RUDOLPH BUMGARDNER, III
                                     JANUARY 18, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF SMYTH COUNTY
                  Charles B. Flannagan, II, Judge

          Thomas R. Scott, Jr. (Street, Street, Street,
          Scott & Bowman, on briefs), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Cary Randall Perkins was convicted of assault and battery

in violation of Code § 18.2-57.  On appeal he challenges the

sufficiency of the evidence.  Finding the evidence sufficient,

we affirm.

     Viewed in the light most favorable to the Commonwealth, the

evidence established that on November 19, 1997, the defendant

was a teacher and coach at Marion Senior High School in Smyth

County.  The defendant is deaf and speech-impaired, and he

communicates primarily by lip reading.  He knew the

fourteen-year-old victim through her boyfriend, but was neither

her teacher nor coach.

During a break from an algebra class, the victim was in the hallway getting a drink of water when the defendant asked her to come into his classroom. He inquired how she was doing in her algebra class and offered her assistance if she needed it. She returned to class, but about ten or fifteen minutes later, the defendant asked her to step into the hall. There, he showed her a picture of his former girlfriend and stated "how much he missed her and wanted to be with her." The victim returned to class.

When class was over, the victim again saw the defendant in the hallway. He asked her how she did in algebra, and she told him she got a "B." The defendant asked where she was going and she said, "to the front of the school." The defendant replied, "I am too, so I will walk with you." As they walked down the hall, the victim testified the defendant "put his hand up under my hair on the back of my neck and started stroking it with his fingertips and said, 'It turns you on, don't it?'" The victim responded, "No, not by you" and jerked her head away. The victim understood his comment to mean "something sexual." She said the touching "scared" and "upset" her. The defendant placed his hand on her neck under her hair a second time and said, "Are you horny yet?" The victim said no, jerked her head away, and told him to stop.

The victim told her mother and boyfriend about the incident the day after it happened. After the boyfriend talked to the

defendant, the defendant went to the victim's class and motioned for her to come to the door. The victim stood in the doorframe. The defendant said that "he was sorry for what he had done and he didn't mean anything by it" and that he considered her like a little sister. He also said that he knew she would be at the school for three more years, her boyfriend would not, and if she ever needed anyone to talk to or look up to, "he would always be there. And he told me he was sorry again."

The defendant testified that on the date of the offense the victim appeared "down." The victim was walking ahead of him on his right side. In order to speak with her, he placed his hand on her neck to get her to face him; he said, "[t]he first time I grabbed her I was trying to get her to look at me." The defendant testified that when he asked the victim, "What is turning you on?," he meant, "What is bothering you?" He touched her neck again when she failed to turn around. He claims he did not hear her tell him to stop and she never turned around. The defendant initially denied saying anything about being "horny." He then testified, however, that if he did say it, it would have related to his former girlfriend, not the victim. He claims the incident was a miscommunication or misunderstanding.

The defendant admits that he touched the victim. He contends, however, that the evidence was insufficient to prove that he intended to harm her. The defendant also argues that the court erroneously relied on the tort definition of assault

and battery in concluding that a reasonable teacher would have known that the second touching was unwanted.  We disagree.

An assault and battery is the unlawful touching of another. See Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998).  Assault and battery is "the least touching of another, willfully or in anger."  Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th. ed. 1998).  The defendant does not have to intend to do harm; a battery may also be "done in a spirit of rudeness or insult."  Id. (footnote omitted).  The touching need not result in injury.  See Gnadt, 27 Va. App. at 151, 497 S.E.2d at 888.  A touching is not unlawful if the person consents or if the touching is justified or excused.  See id.; Groot, supra, at 30 ("an intentional touching which was not justified or excused is a battery").

The victim did not consent to the touchings.  She jerked her head away when the defendant first touched her on the nape of her neck under her hair.  No evidence suggested that the victim consented to the first touching.  Her reaction to that touching removed any doubt that she consented to being touched.  The court found that the second touching was "unauthorized and unwelcome and unwarranted."

Even though a victim does not consent to the touching, it may be lawful if justified or excused.  See Groot, supra, at 30 (examples include public authority, domestic authority, and crime prevention).  The defendant claims the court failed to

consider that he needed to touch the victim so she would turn to face him and he could read her lips.  He asserts that his disability justified touching her so he could communicate with her.

The defendant said, "I usually just touch someone's shoulder to get them to make eye contact so I can understand them."  He claimed that he touched the nape of the victim's neck under her hair twice because she was walking fast.  The trial court found that the "touching of the neck was not in the ordinary course for [the defendant] to get the attention of someone that he wanted to communicate with."  The trial court also found that "[t]here was no need for disciplinary or other control."  Under the circumstances presented, the defendant's touching was neither excused nor justified.

The fact finder, who determines the credibility of the witnesses and the weight accorded their testimony, may accept or reject the testimony in whole or in part.  See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The defendant testified that he meant, "what is bothering you?" when he asked the victim, "what is turning you on?," that he was trying to get the victim's attention by touching her, and while he denies he used the word "horny" when speaking to her, if he did, he was talking about his former girlfriend.  The trial court found the victim's testimony credible.  It was entitled to disbelieve the defendant's self-serving testimony and to

conclude that he was lying to conceal his guilt.  See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

For the foregoing reasons, we affirm the conviction of assault and battery.

Affirmed.

Benton, J., concurring.

I concur in affirming the conviction.  I write separately only to note my view that "the unlawful touching of another," see Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998), does not completely define the crime of "assault and battery."  In affirming a conviction for assault and battery, the Supreme Court long ago held that "[a] battery consists of the willful or unlawful touching of the person of another by the assailant, or by some object set in motion by [the assailant]." Wood v. Commonwealth, 149 Va. 401, 404, 140 S.E. 114, 115 (1927).

The trial judge found that the student's testimony was credible, that the second touching was willful and not done in the ordinary course of the defendant's need to communicate or to discharge his duties as a teacher, and that "it should have been clear to a reasonable teacher that [this] type of touching was not welcomed."  These findings are based on credible evidence and are sufficient to prove the offense beyond a reasonable doubt.