COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


TRAVIS WHITLEY PITT

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2607-08-2                      JUDGE LARRY G. ELDER
                                                    OCTOBER 20, 2009
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                              Thomas V. Warren, Judge

            William R. Blandford, Jr. (Blandford & Newlon, P.C., on brief), for
            appellant.

            Alice T. Armstrong, Assistant Attorney General II (William C.
            Mims, Attorney General, on brief), for appellee.


        Travis Whitley Pitt (appellant) appeals from his bench trial conviction for assault and

battery of a family or household member, third or subsequent offense, in violation of Code

§ 18.2-57.2.  On appeal, he contends the trial court erroneously (1) "disallowed the testimony of

a witness called by [him] in his defense at trial" and (2) concluded the evidence was sufficient to

prove he committed the charged offense.  We hold the first assignment of error, as framed by

appellant in his argument, is not properly before us in this appeal and that, as to the second

assignment of error, the evidence was sufficient to support his conviction.  Thus, we affirm.


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

A.

ADMISSIBILITY OF TESTIMONY

Appellant contends on appeal that the trial court's exclusion of the testimony of Sandy

Goboer[1] violated his rights under the United States and Virginia Constitutions to due process and

to call for evidence in his favor. He argues he was entitled to present Goboer's testimony in an

effort to impeach victim Samantha Arnholt. We hold this assignment of error is not properly

before us on appeal.

Pursuant to Rule 5A:18, absent invocation of an applicable exception to that rule, we may

not consider on appeal an argument that was not presented, *with specificity*, to the trial court.

See, e.g., Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon

reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Rule 5A:18 applies to bar even

constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488

(1998).

Here, the Commonwealth objected at trial to the admission of Goboer's testimony about a

conversation he had "with somebody that he doesn't know and can't identify . . . on the phone

. . . ." Appellant's counsel represented, "we can establish the identi[t]y." However, subsequent

testimony indicated that Goboer did not know Samantha Arnholt's voice and that he merely

"recognized [the caller] as a girl who *said* she was Sam." (Emphasis added). The trial court

ruled this testimony was not sufficient to allow Goboer to testify about the content of the

---

[1] The transcript indicates that "Sandy Goboer" was the name of the witness "phonetically." Appellant represents on brief that the witness' name was actually "Seddy Douberly." Because we must rely on the record rather than the representations of counsel, see, e.g., Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993); see also Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc), we refer to the witness as Sandy Goboer.

conversation and asked counsel for appellant if he "ha[d] anything else." Appellant's counsel responded, "No, sir," and the trial court sustained the Commonwealth's objection to the admission of Goboer's testimony about the telephone conversation. Appellant's counsel never argued that the trial court's termination of his examination of Goboer violated due process or his right to call for evidence in his favor. Instead, the trial court's ruling implicitly hinged on the hearsay nature of the caller's statement and whether appellant presented an adequate foundation to prove the relevance required for the admission of Goboer's testimony. See Warner v. Commonwealth, 30 Va. App. 141, 150, 515 S.E.2d 803, 807 (1999) (holding that "[t]estimony that a phone call came from a person unknown to the recipient and who is identified only by the caller is hearsay if offered to establish the identity of the caller" and that "[t]he relevancy . . . is dependent upon who made the call"). Because appellant does not challenge this ruling on hearsay principles in this appeal and did not challenge the ruling on due process grounds at trial, appellant's assignment of error is not properly before us. See Rule 5A:18.

Further, it is well settled that when a party's evidence has been ruled inadmissible, the party must proffer or avouch the evidence for the record in order to preserve the ruling for appeal; otherwise, the appellate court has no basis to decide whether the party was prejudiced by the court's refusal to admit the evidence. E.g. Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977). Appellant concedes on brief that the record does not reveal whether Goboer's testimony would actually have had any impeachment value.

In light of appellant's failure to object on constitutional grounds at trial and his failure to proffer Goboer's expected testimony for purposes of appeal, we are unable to reach the issue of whether the trial court's exclusion of Goboer's testimony constituted reversible error.

B.

SUFFICIENCY OF THE EVIDENCE

On appeal, "we review the evidence in the light most favorable to the Commonwealth, granting to [the evidence] all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The trier of fact is free to believe or disbelieve in part or in whole the testimony of any witness. E.g. Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

Code § 18.2-57.2 punishes as a Class 6 felony any act of simple assault or assault and battery against a family or household member where it is proved the defendant had two or more prior convictions for assault and battery of a family member within a period of twenty years. The statute does not alter the common law definition of assault and battery. "[A] common law assault . . . occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim." Carter v. Commonwealth, 269 Va. 44, 47, 606 S.E.2d 839, 841 (2005). "Assault and battery is 'the least touching of another, willfully or in anger.'" Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (quoting Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th. ed. 1998)). "The defendant does not have to intend to do harm; a battery may also be 'done in a spirit of rudeness or insult.'" Id. (quoting Groot, supra, at 29 (footnote omitted)). The touching need not result in injury. Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998). A touching is not unlawful if the person consents or if the touching is justified or excused. See id.; Groot, supra, at 30 (observing that "an intentional touching which was not justified or excused is a battery").

- 4 -

Appellant does not contest the sufficiency of the evidence, which indicated he and Arnholt had lived together for about three years, to prove Arnholt was a family or household member. Citing Diffendal v. Commonwealth, 8 Va. App. 417, 382 S.E.2d 24 (1989), appellant contends the trial court failed to give sufficient weight to his testimony that Arnholt assaulted him and "that he responded to her attack only by exerting sufficient force to break her choke hold on his neck and separate from her." We hold the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to support appellant's conviction.

Arnholt testified that the day after she underwent outpatient surgery for an unspecified condition, while she was on seven to ten days of bed rest to recuperate as instructed by her physician, appellant came home drunk. Appellant, who had no telephone at the residence, took Arnholt's cell phone away from her. Arnholt admitted struggling with appellant for the phone and scratching his neck in the course of that struggle. She testified that appellant then repeatedly said, "Get out," and, despite his knowledge of her doctor's orders for bed rest, grabbed her by her hair and upper body and dragged her a distance of 25 feet to the front door of the residence, where he "threw" or "pulled [her]" "out of the house." This evidence was sufficient to prove appellant assaulted and battered a family or household member in violation of Code § 18.2-57.2.

Arnholt's testimony was not inherently incredible. To the extent Arnholt's testimony conflicted with appellant's that he "did not lay a hand on her," the trial court was entitled to conclude appellant's testimony was not credible and to reject it on that basis. The trial court, as the finder of fact, had the opportunity to observe appellant's demeanor as he testified. It also was entitled to consider conflicts in the substance of his statements, which included testimony on direct examination that he had one prior felony conviction and no prior misdemeanor convictions for crimes involving moral turpitude, as compared to his admission on cross-examination that he actually had three prior convictions for misdemeanors involving crimes of moral turpitude.

Although appellant contended it was he and not Arnholt who contacted the sheriff's department, ostensibly by calling 911 during the struggle over Arnholt's cell phone, no evidence in the record corroborated appellant's testimony that he made such a call.

The trial court was entitled—based on appellant's demeanor on the stand, the existence of his prior convictions, and the fact that he lied about them—to find that appellant engaged in the behavior about which Arnholt testified, and this testimony was sufficient to prove appellant assaulted and battered Arnholt.

II.

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>