COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


BRIAN PAUL ENGEL

MEMORANDUM OPINION[*] BY
v.      Record No. 1659-10-1              JUDGE LARRY G. ELDER
                                          OCTOBER 4, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Robert G. O'Hara, Jr., Judge

Paul A. Fritzinger, Deputy Public Defender (Office of the Public
Defender, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Brian Paul Engel (appellant) appeals his bench trial conviction for assault on a law

enforcement officer, in violation of Code § 18.2-57(C).[1] He contends that the Commonwealth

failed to present sufficient evidence to prove that he intended to assault a law enforcement officer.

Because the evidence supports the trial court's finding of intent, we affirm appellant's conviction.

When reviewing the sufficiency of the evidence to support a conviction, the Court will

affirm the judgment unless it is plainly wrong or without evidence to support it. E.g., Coles v.

Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005). On appeal, we consider the

evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not appeal his conviction under Code § 18.2-57 for misdemeanor assault
and battery.

below, and "accord [it] the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).

At trial, the Commonwealth introduced evidence that appellant, a county inmate, threw a mixture of water, salt, hot sauce, and maple syrup on Deputy Vaughan and another inmate, Magruder. The incident happened as Deputy Vaughan escorted Magruder back from a haircut. When the liquid hit Magruder, the two inmates exchanged angry words. Appellant splashed Magruder from "head to toe" and Vaughan from head to knee level. When appellant sprayed Magruder, he stood approximately one foot from appellant. Vaughan followed Magruder by approximately two feet, plainly visible and wearing his deputy's uniform.

Hostility between Magruder and appellant pre-existed this encounter. Appellant testified in his defense that he had not intended to hit Vaughan with the liquid. Indeed, appellant testified there was "no way" that he could have splashed Vaughan. When asked if appellant had any reason to be unhappy with Vaughan, appellant answered, "Just denying my request to go work as hall and dining and a lot of other requests." He stated that he did not hold any animosity against Deputy Vaughan, and Vaughan likewise testified that he did not believe that appellant threw the liquid out of animosity against him.

Code § 18.2-57(C) penalizes an assault or an assault and battery against a law-enforcement officer as a felony. "Assault and battery is 'the least touching of another, willfully or in anger.'" Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (quoting Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th ed. 1998)). "Willfully" in this context means "'designedly,' 'intentionally' or 'perversely.'" Lynch v. Commonwealth, 131 Va. 762, 766, 109 S.E. 427, 428 (1921) (quoting 4 Words & Phrases 1293 (2d ser.)).

"'The slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress.'" Adams v. Commonwealth, 33 Va. App.

463, 469, 534 S.E.2d 347, 350 (2000) (quoting Crosswhite v. Barnes, 139 Va. 471, 477, 124 S.E. 242, 244 (1924)) (alteration in original).  The law presumes such touching to inflict an injury "'to the feelings or mind.'"  Lynch, 131 Va. at 765, 109 S.E. at 428 (quoting 2 American & English Encyclopedia of Law 955 (2d ed. 1896)).

A necessary element of assault and battery is intent, either an actual intent to harm or an intent imputed by law.  Davis v. Commonwealth, 150 Va. 611, 617, 620, 143 S.E. 641, 643, 644 (1928); see also Adams, 33 Va. App. at 468, 534 S.E.2d at 350 ("Whether a touching is a battery depends on the intent of the actor, not on the force applied.").  A battery may be inflicted "'in a spirit of rudeness or insult,'" without any intent to harm.  Perkins, 31 Va. App. at 330, 523 S.E.2d at 513 (quoting Groot, supra, at 29 (footnote omitted)).  "'A person may commit a crime with more than one purpose . . . .'"  Herrel v. Commonwealth, 28 Va. App. 579, 588, 507 S.E.2d 633, 637 (1998) (quoting Hughes v. Commonwealth, 18 Va. App. 510, 530-31, 446 S.E.2d 451, 463 (1994) (en banc) (Coleman, J., concurring)).

Intent "may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it."  Adams, 33 Va. App. at 471, 534 S.E.2d at 351.  "Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and 'the finder of fact may infer that [he] intends the natural and probable consequences of his acts.'"  Id. (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)) (alteration in original).

Appellant threw the mixture in the direction of both Magruder and Vaughan as Vaughan stood only three feet away; thus the natural and probable consequence of his action was to spray

both people.  Appellant willfully struck out, regardless of who was at risk other than Magruder.[2]

The natural and probable consequence of appellant's action was to spray Vaughan and he did so

in a "spirit of rudeness or insult."  Therefore, the evidence was sufficient to support his

conviction.

For these reasons, we affirm appellant's conviction for assault and battery of a law

enforcement officer.

Affirmed.

---

[2] Subsection (C) of Code § 18.2-57, prohibiting assault of a law enforcement officer, does not require that a person "intentionally select" the victim due to his or her status as such.  In contrast, subsections (A) and (B) of Code § 18.2-57 provide:

> A.  Any person who commits a simple assault or assault and battery shall be guilty of a Class 1 misdemeanor, and if the person intentionally selects the person against whom a simple assault is committed because of his race, religious conviction, color or national origin, the penalty upon conviction shall include a term of confinement of at least six months . . . .

> B. However, if a person intentionally selects the person against whom an assault and battery resulting in bodily injury is committed because of his race, religious conviction, color or national origin, the person shall be guilty of a Class 6 felony . . . .