UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, Athey and Senior Judge Frank
Argued at Hampton, Virginia


DARYL EDWARD DECROIX

                                              MEMORANDUM OPINION[*] BY
v.      Record No. 0549-21-1                  JUDGE ROBERT P. FRANK
                                              MARCH 22, 2022
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Leslie L. Lilley, Judge

          James O. Broccoletti (Zoby, Broccoletti & Normile, P.C., on brief),
          for appellant.

          Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
          Herring,[1] Attorney General, on brief), for appellee.


        Following a bench trial, appellant was convicted of assault and battery of a law enforcement

officer, in violation of Code § 18.2-57(C), and sentenced to twelve months of incarceration with six

months suspended.  On appeal, appellant contends that the trial court erred by finding the evidence

sufficient to support his conviction.[2]  For the reasons that follow, we affirm the trial court's

judgment.

                                    I.  BACKGROUND

        "In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Gerald v.*

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

[2] Appellant does not challenge his conviction for public intoxication arising from the same incident.

*Commonwealth*, 295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

On May 11, 2017, the Virginia Beach Sheriff's Department assigned a contingent of deputies to provide security for a concert at the Virginia Beach Amphitheater. Dressed in full uniform displaying their badges of authority, Deputies William Eller and Christine Shoop stood on either side of the entrance to a "VIP" tent reserved for VIP ticketholders. Eller and Shoop were responsible for enforcing the venue's "no reentry" policy, which prohibited concertgoers from reentering the VIP tent after exiting.

Appellant arrived with a party of friends after consuming several beers and shots of liquor while *en route* to the amphitheater. He entered the VIP tent and drank more beer before exiting to regroup with his friends. As appellant exited, he was "unsteady on his feet," had "bloodshot eyes," and Eller "could smell . . . alcohol coming from his breath."

Five minutes later, when appellant attempted to return to the VIP tent, Eller "stood in front of the entrance and told him that he was not allowed to reenter." "Highly intoxicated," appellant called Eller "an asshole" and briefly walked away before returning to attempt reentry, again. Eller blocked the entrance and reiterated that "[appellant] was not allowed to come back in." Appellant angrily repeated his invective toward Eller and, after walking a short distance away, approached him "in an aggressive manner" with "fists clinched."

As appellant advanced to within an "arm length," Eller told him that he was under arrest for public intoxication and grabbed his left arm with both hands, using "two points of contact" to force

it behind appellant's back to apply handcuffs.[3]  Appellant threatened Eller, "I'm going to fucking kill you," and twice escaped the deputy's grip by "snatch[ing] his arm away."  Ignoring repeated commands to "stop resisting," appellant punched the right side of Eller's face with his fist as the deputy tackled him to the ground, embracing appellant's waist in a "bear hug" while appellant's hands remained free.

On the ground, appellant refused to "give [Eller] his hands" to be handcuffed and "grabb[ed] [Eller's] left hand so that [he] could not move it."  Eller radioed for backup and tried to free his left hand by repeatedly punching the side of appellant's head; but appellant maintained his grip with one hand and, again, punched the right side of Eller's face with his fist.  Appellant finally released his grip after receiving "a one-to-two second burst of OC spray to his face,"[4] but delivered a final closed-fist punch to Eller's face before supporting deputies arrived.

Ultimately, Deputies Deghetto, Bishop, and Duncan arrested appellant.  Deghetto testified that he saw Shoop on top of appellant when he arrived to assist.  Eller testified that the incident was a "full-blown fight," requiring "five deputies" to overcome appellant's resistance.

At trial, Shoop testified that she saw appellant "strike [Eller] three times in the face at close range."[5]  She claimed that appellant confronted Eller by advancing to within "a couple inches" of Eller's face and attempt to "chest bump" him.  Shoop testified that it "looked like [appellant] was about to spit on [Eller]" when he grabbed appellant's arm to attempt arrest.  She denied, however,

_____

[3] Deputies Eller and Shoop testified at trial that they were trained to use a "two points of contact" method to arrest by isolating a suspect's arm with both hands, placing it behind the suspect's back, and applying handcuffs.  In this case, Eller attempted that method by simultaneously using his right hand to grab appellant's left wrist and his left hand to grip the upper portion of appellant's left arm.

[4] As we have previously observed, oleoresin capsicum ("OC") spray and "pepper spray" are synonymous.  *See Corado v. Commonwealth*, 47 Va. App. 315, 334 (2005) (referring interchangeably to oleoresin capsicum spray and pepper spray).

[5] Appellant, in his brief, neglected to include that part of Shoop's testimony.

that Eller used a "bear hug" to tackle appellant, claiming that such a technique was not part of their law enforcement training. Shoop testified that she helped Eller "fight[] [appellant] down to the ground" where they pinned him "face down" until fellow deputies arrived to assist. Shoop stated that, while face down, appellant prevented the deputies from grabbing his hands by tucking them beneath his body, occasionally turning toward Eller to punch him. She testified that she observed red marks on Eller's head from appellant's strikes.

Appellant, who was previously convicted of a felony and a misdemeanor crime involving moral turpitude, admitted that he had consumed "a fair amount" of alcohol and "felt a buzz" when he left the VIP tent. Appellant denied feeling upset but admitted that he told Eller "not to be an asshole" and pulled his arm away when he "thought [Eller] was reaching . . . for handcuffs." He agreed that he resisted arrest just before Eller "tackled [him] in a bear hug" but claimed that Eller's arms were "around [his] entire body and shoulders" rather than just his waist. Appellant stated that he initially fell "straight back on [his] head," "face up on the ground," with Eller mounting him, but he admitted that he "may have tried turning" when he initially hit the ground and he was "sure that [he] was squirming and trying to turn" while Eller punched him. He admitted that he "flail[ed] about while being held on the ground" until a "deputy put a knee in [appellant's] back and handcuffed [him]." Appellant denied ever striking Eller's face but later qualified his testimony, "Not that I can recall in any way." He admitted that he struggled throughout the incident and stated that he believed "alcohol was a contributing factor" to his misconduct.

At the conclusion of the evidence, appellant argued that he was guilty only of resisting arrest. He contended that an "extraordinary conflict" between Eller's and Shoop's accounts fatally undermined the sufficiency of the Commonwealth's evidence. The court convicted appellant, finding that "the evidence is overwhelming that [he] assaulted a police officer." At a hearing on appellant's subsequent motion to set aside the verdict, appellant argued that Eller's and Shoop's

testimony conflicted so fundamentally as to render the evidence insufficient to convict as a matter of law. The trial court found that "the consistent evidence is that both deputies said that Deputy Eller was hit three times by the Defendant" and, accordingly, denied appellant's motion. This appeal follows.

## II. STANDARD OF REVIEW

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)) (alteration in original). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)) (alteration in original). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

## III. ANALYSIS

Appellant contends that the evidence was insufficient to support his conviction for assault and battery of a law enforcement officer because Eller's and Shoop's accounts were irreconcilable and diametrically opposed regarding essential facts. Relying on our Supreme Court's decision in *Moore v. Commonwealth*, 254 Va. 184 (1997), appellant asserts that the conflicting accounts fatally undermine the sufficiency of the evidence to support his conviction. Moreover, appellant argues

that our unpublished decision in *Wood v. Commonwealth*, No. 0937-17-1 (Va. Ct. App. Oct. 2, 2018),[6] in which we declined to apply *Moore*, is distinguishable. We disagree.

In *Moore*, the Supreme Court considered a sufficiency challenge to a rape conviction where the Commonwealth's sole evidence of penetration was the contradictory testimony of a single witness. 254 Va. at 189-91. At trial, the victim irreconcilably testified that the defendant placed his penis inside her vagina and later testified that he placed his penis on her vagina. *Id.* at 189. On appeal, the Supreme Court reversed the defendant's conviction, finding that the Commonwealth's evidence "was in a state of equipoise" with respect to the "essential element." *Id.* In rape, the essential element is penetration.

As we have already noted,

> it is universally held that under an indictment charging statutory rape of a child, as well as one charging the common-law offense of rape of an adult woman, the prosecution must prove that there has been an actual penetration to some extent of the male sexual organ into the female sexual organ.

*McCall v. Commonwealth*, 192 Va. 422, 426 (1951). The fact that the man's penis is placed *on*, not *in*, the woman's sexual organ is insufficient to establish the element of penetration. *See Ashby v. Commonwealth*, 208 Va. 443, 444 (1968) (in prosecution for sodomy, testimony that boy's mouth was merely placed "on" defendant's "privates" held insufficient to prove penetration), *cert. denied*, 393 U.S. 1111 (1969).

In *Wood*, the alleged inconsistencies involved the identity of the shooter. On appeal, the defendant relied on *Moore* to argue that the Commonwealth's evidence presented directly contradictory accounts regarding the issue of identity, rendering the evidence insufficient for

---

[6] As we have repeatedly held, "[u]npublished opinions . . . have no precedential value[.]" *Kilpatrick v. Commonwealth*, 73 Va. App. 172, 195 (2021) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 639 n.2 (2008)), *appeal granted*, No. 210530 (Va. Dec. 2, 2021). Nevertheless, the citation of an unpublished opinion "is permitted as informative, but shall not be received as binding authority." Rule 5A:1(f).

conviction. No. 0937-17-1, slip op. at 4. In affirming, we concluded that the issue was one of credibility because the defendant's argument "involve[d] an allegation of contradiction between several witnesses, instead of inconsistent testimony [of a single witness]," rendering *Moore* irrelevant. *Id.* at 9. We further concluded that there was no contradiction between the witnesses' testimony, thus negating the defendant's sole contention on appeal that there were directly contradictory accounts. *Id.*

Here, as in *Wood*, the holding in *Moore* is "irrelevant." *Id.* This case does not involve a single witness who offered inherently contradictory testimony regarding an essential element of the charged offense. Rather, the record contains allegedly competing accounts of multiple witnesses. Moreover, as discussed below, the differences in Eller's and Shoop's testimony are not directly contradictory of an essential element of the offense and did not vary to the degree appellant suggests. Thus, this case did not present the trial court with evidence that "was in a state of equipoise" with respect to an "essential element" of the assault and battery. *Moore*, 254 Va. at 189. Instead, the court was faced with the common task of weighing the evidence and determining witness credibility.

Indeed, "[t]he sole responsibility to determine the credibility of witnesses, the weight to be given to their testimony, and the inferences to be drawn from proven facts lies with the fact finder." *Ragland v. Commonwealth*, 67 Va. App. 519, 529-30 (2017) (citing *Commonwealth v. McNeal*, 282 Va. 16, 22 (2011)). "[T]he conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only when we find that the witness' testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Ragsdale v. Commonwealth*, 38 Va. App. 421, 429 (2002) (quoting *Ashby v. Commonwealth*, 33 Va. App. 540, 548 (2000)). "So long as a witness deposes as to facts [that], if true, are sufficient to maintain their verdict," and "[i]f the trier of the facts sees fit to base the verdict upon that testimony[,] there can be no relief in the

appellate court." *Smith v. Commonwealth*, 56 Va. App. 711, 718-19 (2010) (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)).

Code § 18.2-57(C) prohibits an assault or an assault and battery on a law enforcement officer and such offender is guilty of a Class 6 felony. An assault

> occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm *or* engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim.

*Carter v. Commonwealth*, 269 Va. 44, 47 (2005) (alteration in original). A battery is the willful touching of another, without legal excuse or justification, done "in a rude, insolent, or angry manner." *Parish v. Commonwealth*, 56 Va. App. 324, 331 (2010) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 469 (2000)); *see also Perkins v. Commonwealth*, 31 Va. App. 326, 330 (2000) (observing that a willful touching is not a battery if it is "justified or excused"). Thus, an essential element of battery is an unlawful touching without legal excuse or justification.[7]

Eller's and Shoop's testimony were identical concerning the fact that appellant struck Eller three times with his fists. Here, the trial court properly accepted the testimony of Eller and Shoop to convict appellant. Eller and Shoop unequivocally testified that appellant punched Eller's face three times while resisting arrest, and appellant has failed to demonstrate that the testimony was inherently incredible as a matter of law. That evidence, upon which the trial court based its verdict, is sufficient to support the trial court's finding that appellant committed an assault and battery on Deputy Eller. *See Commonwealth v. Vaughn*, 263 Va. 31, 35 (2002) (observing that "striking at" or "even holding up one's fist" at another "in a threatening or insulting manner" constitutes assault); *see also, e.g.*, *Blankenship v. Commonwealth*, 71 Va. App. 608, 622 (2020) (affirming convictions

---

[7] Appellant does not distinguish between assault and battery, but simply addresses "assault and battery" as set forth in Code § 18.2-57(C).

under Code § 18.2-57(C) where intoxicated defendant called police "motherfuckers" while advancing with clenched fists to resist arrest).

Although Shoop's account conflicted with Eller's regarding how close appellant approached Eller before the scuffle, the manner in which appellant was restrained, and appellant's positioning while on the ground, such inconsistencies do not entitle appellant to reversal on appeal. *See Parham v. Commonwealth*, 64 Va. App. 560, 565 (2015) (observing that a "fact finder is not required to believe all aspects of the testimony of a witness . . . [and] may 'accept the parts of a witness' testimony it finds believable and reject other parts as implausible" (quoting *Moyer v. Commonwealth*, 33 Va. App. 8, 28 (2000) (*en banc*))). Instead, they were properly submitted to the fact finder, whose "evaluations of credibility" often include "choosing between competing accounts offered by different witnesses." *McNeal*, 282 Va. at 22 (citing *Hamilton v. Commonwealth*, 279 Va. 94, 105 (2010)).

Moreover, notwithstanding appellant's assertion to the contrary, Eller's and Shoop's accounts were not directly contradictory. Indeed, appellant's own testimony both corroborated critical aspects of Eller's account and harmonized aspects of the deputies' testimony. For example, consistent with both deputies' claims that appellant punched Eller, appellant admitted that he resisted arrest by "flailing" his arms throughout the affray. In agreement with Eller's testimony, appellant admitted that the deputy "tackled [him] in a bear hug" and that he initially fell "face up on the ground." Further, appellant testified that, while on the ground, "[he] was squirming and trying to turn" until a "deputy put a knee in [his] back" to handcuff him, which supports Shoop's testimony that appellant resisted while "face down." *See Lambert v. Commonwealth*, 70 Va. App. 740, 760 (2019) (holding that a witness' testimony was not inherently incredible when it was corroborated by other evidence).

In sum, *Moore* is inapplicable to this case, and we will not disturb the trial court's credibility determinations because they were neither plainly wrong nor without evidentiary support. Thus, the Commonwealth's evidence was competent, not inherently incredible, and sufficient to sustain appellant's conviction.

## IV.  CONCLUSION

Accordingly, we affirm appellant's conviction.

*Affirmed.*