COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Chaney and Lorish
Argued at Salem, Virginia


RICHARD CORI HARTH, A/K/A
  GABRIELLA ANATHEMA
                                           MEMORANDUM OPINION* BY
v.       Record No. 0866-23-3                 JUDGE LISA M. LORISH
                                                  MAY 21, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Edward K. Stein, Judge

Daniel E. Mowry (Nelson, McPherson, Summers & Santos, L.C., on
brief), for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Richard Cori Harth[1] was convicted of carjacking, in violation of Code § 18.2-58.1(A). On

appeal, Harth argues that the evidence was insufficient to prove that he had the intent to deprive his

mother of her motor vehicle. He also argues that the trial court erred by not admitting a sanity

evaluation of him at sentencing. Because we find the first argument unpersuasive, and the second

argument was not properly preserved, we affirm the convictions.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] At trial, Harth personally indicated that using the name Harth was "fine for this here
event." At oral argument, Harth's counsel confirmed that the name Harth was appropriate to use
on appeal.

BACKGROUND[2]

In December 2021, Harth asked his mother, Sandra Van Lear, to pick him up in Clifton Forge. Van Lear agreed, thinking they were going to get lunch and go shopping. When Harth entered Van Lear's car, he held her hand, asked if she loved him, and requested a ride to either Richmond or South Carolina. Van Lear refused to drive that distance.

The two began arguing, and Harth "kept squeezing [Van Lear's] hand harder and harder, breaking [her] fingernails into [her] hand." Upon her refusals, he told her that he was going to take the car and that there was "nothing [she] can do about it." He "jumped up on the passenger seat," opened Van Lear's door, removed her seat belt, and "kicked [her] in the side trying to get [her] out of the car." When she resisted, he kicked her again, and the car door slammed into her knee and leg. After forcing her out of the car, he shut the door and told her that she and her husband "deserved everything that . . . was coming to" them. Harth then drove away.

Around 2:00 a.m. the next morning, a police officer saw Harth walking along the road in Roanoke County. Harth told the officer that he had received a ride from Clifton Forge to Salem, had walked from Salem, and was trying to get to South Carolina. He asked the officer for a ride to South Carolina. The officer learned that Harth had outstanding warrants and arrested him.

Harth told the officer that he had argued with his parents "because they were not accepting him for who he was." He had pushed his mother out of the vehicle and took it because "he needed to get to a safe place." He claimed that he was owed the vehicle because he "helped [his parents]

---

[2] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

around the house." He left the vehicle in Salem behind a pawn shop with the keys in the ignition "because he felt like he no longer needed the vehicle." The police ultimately found the vehicle.

Harth pleaded not guilty to carjacking pursuant to Code § 18.2-58.1(A). At trial, Harth testified that his relationship with his parents and girlfriend had deteriorated and by December 2021 he was "[p]retty much homeless." He wanted to travel to South Carolina where some acquaintances had invited him to spend the holidays. He explained that he wanted Van Lear to drive him to Richmond so that he could ride the bus from there to South Carolina.

Harth also testified that he suffered from mental health issues. For example, he testified that on the night before the offense, he had claimed to be both Jesus and Satan and had attempted suicide. He testified that his grasp on reality at the time was "fragile," that he believed he was communicating with supernatural beings, that he falsely believed he had a right to the car, and that he did not intend to steal the car or injure his mother. Harth drove "erratically," "without any coherent course in mind" before abandoning the car. He threw Van Lear's purse and other items "on the side of the road somewhere."

The court found Harth guilty of carjacking. Harth testified at the sentencing hearing about his circumstances and mental health at the time of the offense. He then moved for the first time to submit a psychiatric evaluation concerning his mental state at the time of the offense. The Commonwealth objected that it had not seen the report before the hearing and did not have an opportunity to examine the psychiatrist who prepared it. Harth responded that, if the Commonwealth's objection was hearsay, he "may [be] inclined to agree" if he was offering it for the truth of the matter asserted. But he argued that the document was admissible because "the rules are a little bit more relaxed" at sentencing and the report was relevant mitigation evidence. The court excluded the report, finding that it was only relevant if offered for the truth of the matter and

- 3 -

opinions therein.  Thus, it was either irrelevant or hearsay.  The court sentenced Harth to 25 years of imprisonment with 15 years suspended.

ANALYSIS

I.  The evidence was sufficient to support Harth's conviction.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'"  *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).  "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"  *Washington v. Commonwealth*, 75 Va. App. 606, 615 (2022) (quoting *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020)).

A person is guilty of carjacking when he intentionally seizes or seizes control of "a motor vehicle of another with intent to permanently or temporarily deprive another" of their possession or control of the vehicle "by means of . . . striking or beating, or by other violence to the person, or by assault or otherwise putting the person in fear of serious bodily harm . . . ."  Code § 18.2-58.1(B).  Intent may be shown by the offender's "words or conduct" and can be "proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts."  *Fary v. Commonwealth*, 77 Va. App. 331, 342-43 (2023) (en banc) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228-29 (2018)).

A reasonable fact finder could conclude that Harth had the specific intent to deprive Van Lear permanently or temporarily of her vehicle.[3] Read in the light most favorable to the Commonwealth, the facts at trial showed that Harth violently ejected Van Lear from her vehicle and slammed the door. As he did so, he told her that he was going to take the car and that there was "nothing [she] can do about it," which is a clear statement of his intent to deprive her of the car. He then drove the vehicle to another town and abandoned it while discarding Van Lear's belongings on the side of the road. Such conduct leads to a reasonable conclusion that Harth intended to deprive Van Lear of control over her vehicle.

In arguing otherwise, Harth relies on his testimony about his mental state. But the trial court was not required to accept Harth's self-serving testimony. "[I]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Maust v. Commonwealth*, 77 Va. App. 687, 703 (2023) (quoting *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018)). The fact finder "may accept or reject [a witness's] testimony in whole or in part." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019) (quoting *Perkins v. Commonwealth*, 31 Va. App. 326, 331 (2000)). "When 'credibility issues have been resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong.'" *Id.* (alteration in original) (quoting *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011)). Thus, the trial court was entitled to accept some of Harth's testimony about his mental state but reject his testimony that he did not intend to deprive Van Lear of the use of her vehicle. We therefore affirm Harth's carjacking conviction as supported by sufficient evidence.

---

[3] Harth does not challenge any other elements of the offense.

II. Harth did not preserve appellate review of his evidentiary argument.

Next, Harth has not preserved appellate review of his argument that the trial court erred by excluding his sanity evaluation at sentencing. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc) (citing *Clark v. Commonwealth*, 30 Va. App. 406, 411-12 (1999)). The primary reason for requiring a contemporaneous objection is to allow opposing counsel and the trial court a fair opportunity to address the challenge and prevent unnecessary appeals and retrials. *Bethea v. Commonwealth*, 297 Va. 730, 743-44 (2019).

Harth concedes on appeal that the evaluation was hearsay but argues that it had "some indicia of reliability" because it "was prepared by a [d]octor in accordance with [a] [c]ourt [o]rder." Harth did not make that argument below, however. Instead, he argued that he was not offering the report for the truth of the matter, that it was instead relevant mitigation evidence, and that the evidentiary rules "are a little bit more relaxed" at sentencing. Harth's vague argument that the rules are more relaxed at sentencing was insufficiently specific to preserve appellate review because it did not provide the Commonwealth notice and an opportunity to argue against the document's reliability, nor did it ask the trial court to judge the report's reliability.[4]

CONCLUSION

For these reasons we affirm the trial court's judgment.

*Affirmed.*

---

[4] Harth does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and this Court will not apply the exceptions sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023) (citing *Edwards*, 41 Va. App. at 761).